UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>    Plaintiff<br><br>v.<br><br>FIDELITY NATIONAL TITLE GROUP, INC., et al.,<br><br>    Defendants | Case No.: 2:20-cv-01606-APG-BNW<br><br>**Order Granting Motion to Remand and Denying Motion for Fees and Costs**<br><br>[ECF No. 5, 24] |

Defendant Fidelity National Title Insurance Company (FNTIC) removed this case to this court before any of the defendants were served with process. Plaintiff Deutsche Bank National Trust Company (Deutsche) moves to remand the case to state court claiming that removal is barred by the forum defendant rule of 28 U.S.C. § 1441(b)(2).[1] The issue presented is whether a non-forum defendant may remove a case before any defendant was served when one of the defendants is a citizen of the forum state. Because removal of this case was premature, I grant the motion and remand the case.

**PROCEDURAL POSTURE**

Deutsche filed this action in state court on Friday, August 28, 2020. Deutsche sued FNTIC, Fidelity National Title Agency of Nevada, Inc. (Fidelity Nevada), and Fidelity National Title Group, Inc. Fidelity Nevada is the only defendant that is a Nevada entity.

Two days after the complaint was filed (on Sunday, August 30), FNTIC removed the case to this court. Given the immediacy of removal over the weekend, none of the defendants had

---

[1] Deutsche also moves for an award of its attorneys fees and costs incurred in connection with the removal. ECF No. 24.

been served when the case was removed. This tactic of removing a diversity case before a forum defendant has been served is termed a "snap removal." The goal is to avoid the bar against removal that exists when any defendant "properly joined and served" is a forum defendant. 28 U.S.C. § 1441(b)(2). Deutsche now moves to remand, arguing that removal was improper because Fidelity Nevada is a forum defendant and FNTIC's snap removal violated § 1441(b)(2). FNTIC responds that Fidelity Nevada had not been served so § 1441(b)(2) does not preclude removal.

**ANALYSIS**

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773–74 (9th Cir. 2017) (internal quotations and citation omitted). This burden on a removing defendant is especially heavy because "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Id.* (citations omitted). *See also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

  **A.  Fidelity Nevada is not a Sham Defendant.**

The forum defendant rule bars removal based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). FNTIC first argues I should ignore Fidelity Nevada for removal purposes because it is a sham defendant named solely to invoke the forum defendant rule. FNTIC contends that the sole basis for this suit is Deutsche's attempt to recover under a

title insurance policy FNTIC issued.  Fidelity Nevada is an agent, not an insurer, and thus has no contractual or legal obligation to indemnify Deutsche under that policy. *See* ECF No. 11 at 13-15.  Deutsche responds that it is asserting claims and allegations against Fidelity Nevada that go beyond the policy.

"[U]nder the fraudulent-joinder doctrine, joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (internal quotation marks and alterations omitted). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)

Deutsche's complaint asserts potentially valid claims against Fidelity Nevada.  Deutsche alleges that its predecessor negotiated with Fidelity Nevada to obtain a title policy, and that Fidelity Nevada represented that the policy would cover losses caused by the lien that gave rise to this dispute. ECF No. 1-2 ¶ 45; *see also id.* ¶ 70 ("Fidelity Nevada [is] responsible for providing coverage that insured the Deed of Trust in first position over all other liens, and other representations contained in the Policy."); *id.* ¶ 143 ("When the Policy was issued, it was the intent of Deutsche Bank's predecessor-in-interest . . . and Fidelity Nevada that Form 100 and Form 115.2 would provide coverage . . . .").  Separate from the policy, Deutsche alleges that "Fidelity Nevada had a special relationship of trust and confidence and fiduciary obligations to [Deutsche] because it was also acting as the Trustee for the Deed of Trust." *Id.* ¶ 156; *see also id.* ¶ 76 (similar allegations about Fidelity Nevada's role as Trustee).  Deutsche asserts consumer

3

fraud and deceptive trade practices claims against Fidelity Nevada for "knowingly misrepresenting" the coverage that Deutsche's predecessor negotiated for. *Id.* ¶¶ 183-187.

While these claims and allegations may not be pleaded as clearly as possible, FNTIC has not shown by clear and convincing evidence that they obviously fail to assert claims against Fidelity Nevada under Nevada law. FNTIC focuses on the obligations under the title policy, but it ignores Deutsche's non-contractual claims and allegations regarding Fidelity Nevada's alleged misrepresentations, violations of fiduciary duty as a Trustee, and violations of Nevada's consumer fraud and deceptive trade practices statutes. Fidelity Nevada is therefore not a sham defendant. Because it is a forum defendant, § 1441(b)(2) applies here.

**B.  FNTIC's Snap Removal was Improper Under 28 U.S.C. § 1441(b)(2).**

FNTIC next argues that even if Fidelity Nevada is a legitimate defendant, it had not been served at the time of removal. Thus, FNTIC contends that § 1441(b)(2) is not a bar to removal because Fidelity Nevada had not been "properly joined and served" as required under the statute. Deutsche responds that snap removals like this violate the purpose of § 1441(b)(2), which is to preserve a plaintiff's choice of a state court forum by suing a proper forum defendant. The question is thus whether a non-forum defendant is permitted to remove a diversity case before any defendants have been served.

The plain language of § 1441(b)(2) does not answer the question, as evidenced by the number of courts reaching different conclusions on whether snap removal is permitted under the statute. *See Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 317-18 (D. Mass. 2013) (collecting cases). "The question has deeply divided district courts across the country." *Id.* at 315.

In *Gentile*, Judge Woodlock held that § 1441(b)(2)'s plain language prohibits snap removal because it assumes that at least one defendant has been served before removal. Judge

Woodlock was interpreting the prior version of § 1441(b)(2), which was applicable to the facts of that case. That version stated that an action founded on diversity of citizenship "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[2] In the phrase "none of the parties in interest properly joined and served," the word "none" functions as a pronoun and means "not any." 934 F. Supp. 2d at 318.

> "Any," in turn, means "one or more indiscriminately from all those of a kind." . . . Inherent in the definition is some number of the "kind" from which the "one or more" can be drawn. Accordingly, the use of "none" and definite article "the" when referring to "parties" assumes that there is one or more party in interest that has been properly joined and served already at the time of removal, among which may or may not be a forum-state defendant. Thus, section 1441(b) conditioned removal on *some* defendant having been served.

*Id*. (internal citation omitted). Judge Woodlock notes that the current version of the statute— "any of the parties" instead of "none of the parties"—has the same meaning. "[T]he statute assumes at least one party has been served; ignoring that assumption would render a court's analysis under the exception nonsensical and the statute's use of 'any' superfluous." *Id*. Thus, a "basic assumption embedded in the statute [is] that a party in interest had been served prior to removal . . . ." *Id.* This interpretation precludes snap removals.

While this interpretation is not the only one possible, I agree it is the most cogent.[3] Reasonable jurists have interpreted this statute differently, and the fact that "[d]istrict courts are in disarray on the question"[4] confirms that the statute's language is ambiguous. I thus "look to

---

[2] The statute was amended in 2011 to its present language. Judge Woodlock found that "the amendments did not materially change the relevant language of the statute." 934 F. Supp. 2d at 316, n.2.

[3] My colleague Judge Mahan agrees. *See Carrington Mortgage Services, LLC v. Ticor Title of Nevada, Inc.*, No. 20-cv-00699-JCM-NJK, 2020 WL 3892786 at *3 (D. Nev. July 10, 2020).

[4] 934 F. Supp. 2d at 316.

'canons of construction, legislative history, and the statute's overall purpose to illuminate Congress's intent.'" *Moran v. Screening Pros, LLC*, 943 F.3d 1175, 1183 (9th Cir. 2019) (quoting *Jonah R. v. Carmona*, 446 F.3d 1000, 1005 (9th Cir. 2006)).

To confirm the validity of his interpretation, Judge Woodlock examined the history of the removal doctrine and the "properly joined and served" language. *Gentile*, 934 F. Supp. 2d at 319-21. "The removal power, and by extension the forum defendant rule, is founded on the basic premise behind diversity jurisdiction itself, [which] was designed to protect non-forum litigants from possible state court bias in favor of forum-state litigants." *Id.* at 319. Forum defendants presumably do not need that protection from local bias, so § 1441(b)(2) protects the plaintiff's choice of a state court forum where a forum defendant is a proper party to the case. *Id.*

There is scant legislative history to help interpret the phrase "properly joined and served." *Id*. But it seems clear from relevant caselaw that the purpose "was to prevent plaintiffs from defeating removal through improper joinder of a forum defendant; incomplete service appears to have been included as a means of identifying and policing such abuse by proxy." *Id.* at 319-20. The goal was to thwart gamesmanship by plaintiffs who joined forum defendants with no intent of ever serving them.

Snap removal, on the other hand, allows gamesmanship by defendants who are sophisticated and have sufficient resources (or suspicion of impending litigation) to monitor court filings and immediately remove a case before a forum defendant can be served. This practice has become more prevalent with the advent of modern technology that allows near-real-time monitoring of dockets across the country. Congress would not have wanted to stop gamesmanship by plaintiffs by allowing gamesmanship by defendants.

The purposes underlying § 1441(b)(2) are better served by disallowing removal before any defendant is served.  The plaintiff can preserve its ability to remain in state court by serving the forum defendant first and without delay.  The non-forum defendant may still argue that the forum defendant is a sham who should be disregarded for purposes of removal. *See Gentile*, 934 F. Supp. 2d at 322-23.  And this interpretation is consistent with § 1441(b)(2)'s plain language. *Id.* at 323.

Here, FNTIC's removal was premature because no defendant had been served.  As a result, I must remand the case to state court.

### C. Deutsche is not Entitled to Recover its Fees and Costs.

Deutsche moves for an award of its fees and costs incurred as a result of FNTIC's removal. ECF No. 24.  While I find that removal was improper, the courts are in disarray on this issue, so removal was not "objectively unreasonable." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).  FNTIC did not act in bad faith or frivolously in removing the case.  I deny Deutsche's motion for fees and costs.

**CONCLUSION**

I THEREFORE ORDER that Deutsche's motion to remand **(ECF No. 5) is granted**. This case is remanded to the state court from which it was removed for all further proceedings.

I FURTHER ORDER that Deutsche's motion for a stay and for its fees and costs **(ECF No. 24) is denied.**

The Clerk of the Court is instructed to close this case.

DATED this 14th day of December, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE